ARCH & LAKE LLP
HAO TAN
*HaoTan@archlakelaw.com*
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Phone: 425-289-7858
Fax: 312-614-1873

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

| | |
|---|---|
| PHANTOM E-MOTO INC., <br><br> Plaintiff, <br><br> v. <br><br> ZOUCHENG DELIGUAN TRADING CO., LTD., <br><br> Defendant. | Case No.: 2:26-cv-02219 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY, UNENFORCEABILITY, NON-INFRINGEMENT, AND RELATED STATE CLAIMS** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

## DEFENDANTS' ANSWER

Plaintiff Phantom E-Moto Inc. ("Plaintiff" or "Phantom") brings this Complaint for Declaratory Judgment against Defendant ZouCheng DeLiGuan Trading Co. Ltd. ("ZouCheng" or "Defendant") and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 611 Reyes Rd, 2nd Floor, Walnut, CA 91789. Plaintiff sells the Accused Products (defined below) on Amazon.

2. On information and belief, Defendant is a company organized and existing under the laws of the People's Republic of China. ZouCheng has a place of business at No. 23-1813 Qilu Times Garden, No. 1166 Chenglan Road, Gangshan Street, Zoucheng City, Jining, China 273500.

3. Defendant ZouCheng is the current Assignee of record for U.S. Patent No. D1,102,966 (the "'966 Patent").

## NATURE OF THE ACTION

4. Plaintiff seeks declaratory judgments of invalidity and non-infringement of the '966 Patent arising under the patent laws of the United States and 28 U.S.C. §§ 2201-2202 of the Declaratory Judgment Act. A true and correct copy of the '966 Patent is attached as Exhibit A.

5. This relief is necessary because Defendant has asserted ownership of the '966 Patent and accused Plaintiff of infringing the '966 Patent by selling electric scooter products on Amazon under the following Amazon Standard Identification Numbers ("ASINs"): B0D2JQPDT8, B0D2JP6LL, B0D2JNNYKK, B0D2JPZ8KL, B0D2K56NTZ (the "Accused Products").

- 1 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

6.  Specifically, Defendant has asserted baseless claims of design-patent infringement by submitting a complaint to Amazon, alleging that Plaintiff's Accused Products infringed the '966 Patent.

7.  The assertion directly caused the wrongful removal of Plaintiff's ASINs from Amazon.com.

8.  Plaintiff denies that the Accused Products infringe any valid and enforceable claim of the '966 Patent because its sales of the Accused Products were rightfully licensed. Plaintiff further contends that the claims of the '966 Patent are invalid and unenforceable.

9.  Therefore, an actual controversy exists between Plaintiff and Defendant.

10. Absent a declaration of non-infringement, invalidity, or unenforceability. Defendant will continue to wrongfully allege that Plaintiff infringes the '966 Patent, and thereby cause Plaintiff irreparable injury and damage.

## **JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because this action arises under the laws of the United States, and in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq., and seeks relief under the Federal Declaratory Judgment Act.

12. This Court has personal jurisdiction over Defendant because it purposefully directed its conduct at Washington by submitting the infringement complaint through Amazon, whose principal place of business is in Seattle, Washington, and by pursuing platform enforcement directed to U.S. commerce that is accessible within this District. Defendant's conduct was expressly aimed at this District and caused foreseeable harm to Plaintiff's business interests here.

13. In the alternative, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Defendant is not a resident of the United States. It obtained the '966 Patent in the US, and enforced its patent rights by submitting its infringement

- 2 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

complaint to Amazon. Defendant's "extra-judicial patent enforcement," namely, its infringement complaint to Amazon, went beyond merely informing the alleged infringement; therefore, Defendant purposely directed its activities to the US. *See Yiwu Jieya E-Commerce Co. Ltd. v. Xu*, No. 2:25-cv-01595-LK, Dkt. 51 (W.D. Wash. Nov. 18, 2025)(finding personal jurisdiction exists under Rule 4(k)(2) "as [d]efendants purposefully directed their activities at the United States by obtaining a United States patent and enforcing the ensuing patent rights in this country through infringement complaints to Amazon") (citing *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008)). The claim arises out of its contact with the United States as a whole, and exercising jurisdiction is consistent with the Constitution and laws of the United States.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in this judicial district, has directed its enforcement activities at this judicial district, and a substantial part of the event giving rise to this action occurred here. In particular, Defendant's prosecution of the design patent complaint through Amazon, headquartered in Seattle, directly caused the harm at issue.

15. As described in more detail below, an immediate, real, and justiciable controversy exists between Defendant and Plaintiff as to whether the Accused Products sold by Plaintiff infringe the '966 Patent, and whether any claim of the '966 Patent is invalid and unenforceable. Because this action presents an actual controversy with respect to the non-infringement, invalidity, and unenforceability of the '966 Patent, the Court may grant the declaratory relief sought under 28 U.S.C. §§ 2201-2202.

## **FACTUAL BACKGROUND**

16. Plaintiff is a registered Amazon Seller for selling Phantomgogo-branded products on Amazon. Plaintiff operates an Amazon storefront known as Phantomgogo Store.

- 3 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858



17. The Accused Products are Phantomgogo-branded electric scooters, available for purchase on Amazon. The Accused Products offered for sale from Plaintiff's ASINs are of the same design, except for different color combinations. True and correct copies of photos of the Accused Products are attached hereto as Exhibit B.

18. The '966 Patent, entitled "Electric Scooter Frame," was filed with the United States Patent and Trademark Office ("USPTO") on January 17, 2025 and issued on November 25, 2025. The '966 Patent is a continuation of and claims priority to US Patent Application No. 29/963,882, filed on September 19, 2024, now US Patent No. D1,067,126, which is a continuation of US Patent Application No. 29/955,032, filed on July 30, 2024, now US Patent No. D1,048,948, and a continuation of US Patent Application No. 29/791,465, filed on January 12, 2022, now US Patent No. D1,080,476.

- 4 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

| Patented Invention | Pat. No. | Filing Date | Priority Claim | Assignee | Inventor |
|---|---|---|---|---|---|
| | D1,080,476 | 1/12/2022 | | Shenzhen Components Industrial Co., Ltd<br><br>Shenzhen Chitado Technology Co., Ltd | Yongkui Mei |
| | D1,048,948 | 7/30/2024 | Continuation of the '476 Patent. | Shenzhen Chitado Technology Co., Ltd | Yongkui Mei, Dengbing Zhou |
| | D1,067,126 | 9/19/2024 | Continuation of the '948 Patent and the '476 Patent. | Shenzhen Chitado Technology Co., Ltd | Dengbing Zhou |
| | D1,102,966 | 1/17/2025 | Continuation of the '126 Patent. | Zoucheng Deliguan Trading Co., Ltd | Dengbing Zhou |

19. The named inventor of the '966 Patent is Dengbing Zhou, and the current assignee of the '966 Patent is Defendant ZouCheng.

20. On or about April 2, 2026, Defendant, identifying the rights owner as "Han zheng" and using the email address 2118390032@qq.com, submitted a design patent infringement complaint to Amazon alleging infringement of the '966 Patent. *See* Exhibit C.

- 5 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

21. This baseless complaint resulted in Amazon's removal of Plaintiff's lawfully listed products identified under the aforementioned ASINs. *See Id.*

22. As a direct result of Defendant's complaint, Amazon disabled the affected ASINs and continued to prevent Plaintiff from offering the Accused Products for sale.

23. Under Amazon's takedown procedures, unresolved complaints typically result in prolonged or permanent listing restrictions. Defendant's improper assertion has already caused substantial harm to Plaintiff's operations, including loss of sales, disruption of its primary U.S. sales channels, deterioration of account health, and damage to goodwill and reputation.

**A. Plaintiff's Sales of the Accused Products**

24. Shenzhen Components Industrial Company Limited ("Components") is one of the two co-assignees of the US D1,080,476 (the "'476 Patent"). On December 30, 2021, the sole named inventor of the '476 Patent, Yongkui Mei, assigned "the entire right, title, and interests in and to said invention and application" in the US to two assignees, including Components. Particularly, this assignment expressly includes "any division, continuation, continuation-in-part... of said application." Exhibit D.

25. Therefore, Components is one of the two co-assignees to the '476 Patent and all continuations thereof.

26. The '966 Patent is the continuation of US Patent No. D1,067,126, which is the continuation of the '476 Patent. Therefore, the '966 Patent is the continuation of the '476 Patent.

27. Accordingly, Components is a co-assignee to both the '476 and the '966 Patents.

28. On July 9, 2025, Components entered into a license agreement with Plaintiff, wherein it granted Plaintiff a non-exclusive license to make, use, offer for sale, sell, and import products embodying the designs protected by the "Licensed Patents," which include but are not limited to: the '476 Patent and all continuations thereof. *See* Exhibit E.

- 6 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

29. Therefore, the license granted by Components is fully legal, valid, and legally binding. Since Plaintiff obtained a license to the '476 and the '966 Patents on July 9, 2025, Plaintiff's sales under such license do not constitute patent infringement.

**B. Prior Sales of the Accused Products**

30. Products with frames identical to those of the Accused Products were publicly available and sold in the United States well before the January 12, 2022 filing date of the '476 Patent, of which the '966 Patent claims its priority.

31. The identical product was first available in the US market and offered for sale as early as August 2020. The selling page of said product is "https://www.rideglarewheel.com/collections/your-personal-green-transportation/products/electric-bike-high-speed-15mph-city-commuting".

32. Attached as Exhibit F are true and correct copies of web page printouts from a wayback machine website (https://web.archive.org), showing the selling pages of "GlareWheel EB-C1 Electric Moped High Speed 15mph City Commuting Scooter" ("GlareWheel"), which has the frame identical to that of the Accused Product, from the aforementioned URL, with a time stamp on October 28, 2020.



33. These records confirm that products having identical frames to Plaintiff's Accused Products were publicly disclosed and commercially available well before the earliest

- 7 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

priority date of the '966 Patent. Attached as Exhibit G are comparisons among the '966 Patent, the Accused Product, and GlareWheel's prior sale.

| GlareWheel's EB-C1 Electric Scooter Available for sale as early as October 28, 2020 | Plaintiff's Accused Products |
|---|---|
| | |

34. Accordingly, if the claimed design of the '966 Patent reads on Plaintiff's Accused Product, it is invalid under 35 U.S.C. § 102. In the alternative, if the claimed design does not read on Plaintiff's Accused Products, then Plaintiff does not infringe as a matter of law.

## C. Defendant's Bad-Faith Enforcement

35. On April 2, 2026, Amazon notified Plaintiff that a design-patent infringement complaint had been filed, identifying the rights holder as "Han zheng," with the contact email address 2118390032@qq.com. *See* Exhibit C.

36. The Amazon complaint, assigned Complaint ID 19798982231, alleged that Plaintiff's Accused Products infringed the '966 Patent.

37. As a result of the complaint, on the same day, Amazon removed the Asserted Product from Plaintiff's storefront. The removal substantially impaired Plaintiff's access to U.S. consumers and significantly disrupted its commercial operations.

38. Since the takedown, the Accused Products have remained suppressed on Amazon, causing Plaintiff ongoing commercial harm, including lost sales, loss of visibility in the marketplace, loss of goodwill, and the risk of forced disposal of unsold inventory under Amazon's fulfillment policies.

- 8 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

39. On information and belief, Defendant's assertion of the '966 Patent through Amazon was made in bad faith and without any reasonable basis in fact or law.

40. As demonstrated above, identical products of the same frame design were publicly on sale more than one year before the earliest priority date of the '966 Patent, rendering its claimed design invalid under the on-sale bar.

41. Nevertheless, the '966 Patent is the continuation of the '476 Patent. According to the assignment record, the sole inventor, namely, Yongkui Mei, assigned both the '476 Patent and its continuous application – the '966 Patent, to two co-assignees including Components.

42. Suspiciously, the '966 Patent listed a different person – Dengbing Zhou, as its sole inventor, while having completely removed Yongkui Mei's name from this continuation application. Moreover, Dengbing Zhou, but not Yongkui Mei, assigned the '966 Patent to a third party, which later assigned the same to Defendant. *See* Exhibit H.

43. On information and belief, Dengbing Zhou is not the actual inventor of the a'966 Patent.

44. On information and belief, Defendant's assignment was executed by a person who was not the actual inventor, therefore did not have the authority to enter into such an arrangement.

45. Defendant's assignment is also void because the ownership of the '966 Patent is shared by the two co-assignees of the '476 Patent, not belong to whoever is listed as the current inventor of the '966 Patent.

46. Therefore, Defendant is not the rightful assignee and owner of the '966 Patent.

47. Defendant is not entitled to enforce any right of this patent.

48. On information and belief, Defendant knew that Dengbing Zhou was not the rightful inventor of the '966 Patent and had no right to enter any assignment thereof, and that it was not the rightful assignee of the '966 Patent because the ownership of both the '966 and the

- 9 -

COMPLAINT
Case No.: 2:26-cv-02219

'476 Patents was recorded before the USPTO in the '476 Patent, to which the '966 Patent claims priority.

49. Defendant nonetheless pursued the Amazon complaint, fraudulently identifying itself as the rightful owner of the '966 Patent, in order to disrupt Plaintiff's legitimate business operations and eliminate fair competition.

## COUNT I

## DECLARATORY JUDGMENT OF PATENT INVALIDITY AND UNENFORCEABILITY

50. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

51. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '966 Patent, as evidenced by Defendant's infringement complaint to Amazon that resulted in the removal of Plaintiff's product listings.

52. The '966 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of the patent laws of the United States, including, but not limited to, 35 U.S.C. § 102.

53. In particular, products identical to the Accused Products had been publicly sold in the United States well before January 12, 2022, the earliest priority date of the '966 Patent.

54. Accordingly, if the claimed design of the '966 Patent reads on Plaintiff's Accused Product, it is invalid under the public-use and on-sale bars of 35 U.S.C. § 102.

55. The claimed design of the '966 Patent is also invalid under 35 U.S.C. § 115 for failing to execute the required oath or declaration in connection with the '966 Patent.

56. The '966 Patent is a continuation of the '476 Patent. However, the sole listed inventor of the '966 Patent is Dengbing Zhou, who was not included in the '476 Patent.

- 10 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

Moreover, the sole inventor of the '476 Patent, Yongkui Mei, was not listed in the '966 Patent.

57. On information and belief, Dengbing Zhou is not the sole inventor of the '966 Patent, and the '966 Patent did not include all required oaths or declarations from the inventor, as required by 35 U.S.C. § 115.

58. Defendant's infringement complaint to Amazon has caused immediate and ongoing harm to Plaintiff by removing its listings, cutting off access to its primary U.S. sales channels, and threatening further enforcement actions.

59. Plaintiff therefore seeks a declaratory judgment that the claimed design of the '966 Patent is invalid for failure to satisfy the requirements of the Patent Act.

60. On information and belief, Defendant knew of the prior public availability and sales of the Accused Products long before filing the application for the '966 Patent. On information and belief, Defendant knew that Dengbing Zhou was not the sole inventor of the '966 Patent before filing the application therefor.

61. Defendant's knowing failure to disclose such information to the USPTO constitutes inequitable conduct and a deliberate misuse of the patent system. Accordingly, the '966 Patent is also unenforceable.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

62. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

63. Products with frames identical to those of Plaintiff's Accused Products were publicly available and sold in the United States well before the January 12, 2022, earliest priority date of the '966 Patent.

64. If the claimed design of the '966 Patent were construed to cover Plaintiff's Accused Product, then the claim would be invalid under the public-use and on-sale bars of 35 U.S.C.

- 11 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

§ 102. An invalid patent cannot be infringed. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015).

65. Alternatively, if the claimed design of the '966 Patent is not construed to cover Plaintiff's Accused Product, then Plaintiff does not infringe as a matter of law.

66. Thus, whether the claimed design reads on Plaintiff's Accused Products or not, Defendant's allegation necessarily fails: the claim is either invalid or not infringed.

67. Defendant's infringement accusation must fail also because Defendant is not the rightful assignee of the '966 Patent, therefore is not entitled to enforce said patent in the US.

68. Moreover, Plaintiff's sale and offer for sale of the Accused Products was fully licensed and authorized by the rightful owner of the '966 Patent.

69. The '966 patent, as the continuation of the '476 Patent, was assigned to Components before the filing of the application. Components has not assigned its ownership to any third party.

70. Therefore, Components is a co-owner of the '476 and the '966 Patents. Pursuant to 35 U.S.C. § 262, Components has the right to grant Plaintiff a license for continuations based on the '476 Patent without the consent of the other co-owner. The '966 Patent is exactly such a continuation of the '476 Patent.

71. Therefore, the license granted solely by Components is fully legal, valid, and legally binding. Since Plaintiff obtained a license to both the '476 and the '966 Patents on July 9, 2025, Plaintiff's sales under such license do not constitute patent infringement.

72. A real and substantial controversy exists between Plaintiff and Defendant concerning infringement of the '966 Patent. Defendant's infringement complaint to Amazon resulted in the removal of Plaintiff's product listings, causing significant commercial harm and threatening further enforcement actions.

- 12 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

73. Plaintiff therefore seeks a declaratory judgment that its Accused Products do not infringe any valid and enforceable claim of the '966 Patent, alternatively, any infringement allegation of the '966 Patent made by Defendant is not enforceable.

## COUNT III

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

74. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

75. Under Washington law, the elements of a claim for tortious interference with a contractual relationship are: (1) the existence of a valid contractual relationship or business expectancy; (2) Defendant's knowledge of that relationship; (3) intentional interference causing a breach or termination of the relationship or expectancy; (4) interference for an improper purpose or by improper means; and (5) resulting damage. *Tacoma Auto Mall, Inc. v. Nissan North America, Inc.*, 279 P.3d 487, 498 (Wash. Ct. App. 2012).

76. Plaintiff has a valid and existing contract with Amazon, through which it sells its products, including the Accused Products via its ASINs.

77. On information and belief, Defendant knew of Plaintiff's contractual relationship with Amazon.

78. Defendant intentionally interfered with this contractual relationship by submitting the materially false and bad-faith patent infringement complaint to Amazon, with the purpose of causing Plaintiff's listings to be removed and eliminating Plaintiff as a lawful competitor.

79. As a direct result of Defendant's conduct, Plaintiff's listings were removed from Amazon, disrupting Plaintiff's contractual obligations with Amazon, including but not limited to the Amazon Services Business Solutions Agreement.

80. Defendant's conduct has compromised Plaintiff's contractual relationship and business expectancy with Amazon, causing interruptions to its ongoing business activities.

- 13 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

81. Plaintiff has suffered and continues to suffer direct, proximate, and foreseeable damages as a result of Defendant's interference, including lost sales, lost goodwill, and harm to its competitive standing.

82. Defendant's efforts to have Plaintiff's products delisted through improper means were and are unlawful and fraudulent.

83. By reason of Defendant's acts, Plaintiff is entitled to equitable remedies and damages in an amount to be proven at trial.

## COUNT IV

## VIOLATION OF WASHINGTON PATENT TROLL PREVENTION ACT AND CONSUMER PROTECTION ACT – RCW 19.350 et seq. AND RCW 19.86 et seq.

84. Plaintiff incorporates by reference and realleges all preceding paragraphs of this Complaint as if fully set forth herein.

85. Defendant has made bad-faith assertions of design patent infringement against Plaintiff by filing the complaint with Amazon, alleging that Plaintiff's Accused Products infringe the '966 Patent.

86. Defendant's complaint resulted in the delisting of Plaintiff's electric scooter product listings from Amazon on April 2, 2026, thereby causing substantial commercial harm, including loss of sales, reputational injury, risk of inventory disposal, and loss of access to Plaintiff's primary U.S. sales platform.

87. Defendant's conduct constitutes bad-faith assertions of patent infringement in violation of the Washington Patent Troll Prevention Act (RCW 19.350 et seq.)("PTPA").

88. On information and belief, Defendant has engaged in repeated and systematic bad-faith patent enforcement across major e-commerce platforms, including Amazon, as part of a broader strategy to exclude competitors and capture sales opportunities to which it is not entitled.

- 14 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

89. Defendant used its bad-faith complaint to cause the improper removal of Plaintiff's competing products and to divert sales opportunities away from Plaintiff.

90. Defendant's violations of the PTPA also constitute violations of the Washington Consumer Protection Act (RCW 19.86 et seq.)("CPA"), which prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. *See* RCW 19.350.030; RCW 19.86.090.

91. Defendant's acts are unfair and deceptive business practices that threaten the public interest by undermining commercial trust, deterring innovation, and harming investment in lawful e-commerce and product development activities.

92. Plaintiff has suffered actual injuries as a result of Defendant's unlawful conduct and is entitled to relief under the PTPA and CPA, including actual damages, treble damages as permitted by law, reasonable attorneys' fees, and injunctive relief prohibiting Defendant from further asserting the '966 Patent in bad faith.

## PRAYER FOR RELIEF

93. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   i.   Declaring that U.S. Design Patent No. D1,075,966 S (the "'966 Patent") is invalid and unenforceable;

   ii.  Declaring that Plaintiff's electric scooters offered for sale ("Accused Products") do not infringe any valid and enforceable claim of the '966 Patent;

   iii. Entering judgment that Defendant tortiously interfered with Plaintiff's contractual relationship with Amazon.com, Inc.;

   iv.  Entering judgment that Defendant violated the Washington Patent Troll Prevention Act (RCW 19.350 et seq.) ("PTPA") and the Washington Consumer Protection Act (RCW 19.86 et seq.) ("CPA");

   v.   Ordering Defendant to withdraw, retract, or otherwise revoke any and all complaints, notices, or takedown requests submitted to Amazon, or any other

- 15 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

online marketplace, e-commerce platform, or third party alleging infringement of the '966 Patent with respect to Plaintiff's Accused Products;

vi. Granting preliminary and permanent injunctive relief enjoining Defendant, its officers, agents, employees, affiliates, and all persons acting in concert with them from asserting or threatening to assert the '966 Patent against Plaintiff, including but not limited to any further notices or correspondence directed to Amazon or any other third-party platforms;

vii. Ordering Defendant to file with the Court, and serve on Plaintiff's counsel, within three (3) days of the entry of such order, a written report under oath confirming compliance with any injunctive relief granted by this Court;

viii. Awarding Plaintiff damages sufficient to compensate for lost sales, revenue, and market share resulting from the delisting of its Accused Products, in an amount to be determined at trial;

ix. Awarding Plaintiff damages for losses arising from stranded inventory and storage fees caused by the delisting of the Accused Products, in an amount to be determined at trial;

x. Awarding Plaintiff damages for harm to goodwill, reputation, customer reviews, star ratings, and marketplace rankings associated with the delisted listings, in an amount to be determined at trial;

xi. Awarding Plaintiff treble damages and reasonable attorneys' fees pursuant to RCW 19.86.090 for Defendant's violations of the PTPA and CPA;

xii. Declaring that this case is exceptional and awarding Plaintiff its costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

xiii. Awarding Plaintiff enhanced, exemplary, punitive, statutory, and incidental damages where appropriate under applicable law;

- 16 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858

xiv.   Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law; and

xv.   Awarding such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: June 25, 2026                    Respectfully submitted,

By: */s/ Hao Tan*

Hao Tan
Attorney for Plaintiff

- 17 -

COMPLAINT
Case No.: 2:26-cv-02219

ARCH & LAKE LLP
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858